*593
On Motion for Rehearing

COPE, J.
The buyers have moved for rehearing. They point out that if the conflicts in testimony were resolved in favor of the buyers, then it means that there was no agreement to arbitrate. That is so because the buyers testified that when the contracts were verbally translated, arbitration was not mentioned. See Gustavsson v. Washington Mut. Bank, F.A., 850 So.2d 570 (Fla. 4th DCA 2003). The dealer’s employees, on the other hand, testified that they did mention arbitration to the buyers. After listening to their testimony, however, the trial court concluded that either arbitration was not mentioned at all, or if mentioned, was not explained in an understandable way. Under either analysis, the evidence supported a finding of procedural unconscionability. That being so, it was not necessary for purposes of an analysis of procedural unconscionability for the trial court to resolve the conflict in testimony between the buyers and the dealers’ employees. While the trial court stated that it found the buyers to be very credible, the court did not explicitly resolve the conflict in testimony in favor of the buyers.
As stated, the trial court found the un-conscionability issue to be dispositive and found it unnecessary to resolve the testimonial conflict. Because we have reversed in part on the issue of unconscionability, the testimonial conflict is now ripe for trial court consideration. The buyers are free on remand to request a ruling on the claim that the arbitration clause was never mentioned when the contracts were translated, and that there was no agreement to arbitrate.
If the original trial judge is available, then the judge may resolve the conflict in testimony on the basis of the existing rec *594 ord. If not, the buyers may raise the issue by any appropriate procedure.
Rehearing denied, clarification granted.